**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amir Kiani, et al., | No. CV-23-00508-TUC-BGM |
| Plaintiffs, | **ORDER** |
| v. | |
| Automatic Data Processing Incorporated, | |
| Defendant. | |

Before the Court is Plaintiffs' Motion to Conditionally Certify a Collective Action. (Doc. 35.) The motion has been fully briefed, (Docs. 40, 41), and the Court considers the motion suitable for decision without oral argument. *See* LRCiv 7.2(f).

Defendant Automatic Data Processing Incorporated (ADP) sells payroll, human resources, and tax services to businesses. (Doc. 40 at 2.) Plaintiffs were ADP employees paid on an hourly basis. (Doc. 11 at 2, 9.) Plaintiffs' duties included "making and receiving phone calls, text messages, and emails from current and prospective clients, securing software sales contracts with clients, and meeting the required sales quota." (*Id*. ¶ 33 at 8.) Plaintiffs allege that they and other similarly situated employees "were pressured not to clock in during overtime hours worked before their scheduled start time, after their scheduled end time, over lunch, or on the weekend," in violation of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 et seq. (*Id*. ¶ 47 at 9.)

In the motion at hand, Plaintiffs request that the Court conditionally certify a proposed group of similarly situated individuals under section 216(b) of the FLSA. (Doc.

35 at 2.) Plaintiffs also request that the Court order ADP to furnish the names and contact information of potential collective action employees and to authorize Plaintiffs to circulate Notice and Consent to Join forms to putative collective action employees. (*Id.*)

## DISCUSSION

"Congress enacted the FLSA to protect all covered workers from substandard wages and oppressive working hours." *Gilburd v. Rocket Mortg. LLC*, No. CV-23-00010-PHX-DLR, 2023 WL 8480062, at *1 (D. Ariz. Dec. 7, 2023) (cleaned up). "The FLSA requires employers, in part, to pay non-exempt workers at one and a half times the regular rate for any time worked in excess of forty hours in a single week." (*Id.*) "Workers can jointly sue their employer for unpaid overtime compensation through a collective action." *Id.* (cleaned up). "The collective action allows a representative plaintiff to bring suit on behalf of workers who are 'similarly situated', and thereby serves to (1) reduce the burden on plaintiffs through the pooling of resources, and (2) make efficient use of judicial resources by resolving common issues of law and fact together." *Id.* (cleaned up).

"[T]he Ninth Circuit employs a two-step approach to collective action certification: preliminary certification and decertification." *Id.* at *7 (citing *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018)). "At the preliminary certification step, the Court determines whether the defined collective is 'similarly situated.'" *Id.* "Plaintiffs' burden at the preliminary certification stage is light." *Id.* (cleaned up). "Plaintiffs' allegations need not be strong nor conclusive." *Id.* "Rather, Plaintiffs merely need to show that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Id.* (cleaned up). "The Court's determination at this first step is based primarily on the pleadings and any affidavits submitted by the parties." *Id.* at *8 (cleaned up). "Further, Plaintiffs need only show that their positions are similar, not identical, to the putative class members." *Id.* at *7. "In [other] words, the Court must only be satisfied that a reasonable basis exists for the Plaintiffs' claims or class wide injury." *Id.* (cleaned up). "Given this lenient standard,

motions to conditionally certify a class for notification purposes are typically granted." *Id*. (cleaned up).

Preliminary certification is not a decision on the merits to allow a collective action to go forward. *Campbell,* 903 F.3d at 1101. Neither is it a class certification motion under Federal Rule of Civil Procedure 23. *Id*. Preliminary certification is simply a convenient case management procedure. *Id*. "The sole consequence of a successful motion for preliminary certification is the sending of court-approved written notice to workers who may wish to join the litigation." *Id*. (cleaned up).

Plaintiffs have alleged that ADP inside sales representatives regularly worked more than 40 hours per week but were subject to unwritten policies that minimized the amount of overtime reflected in their official time records. (Doc. 35 at 9) (citing First Amended Complaint (FAC), ¶¶ 36, 46-49, 68; Kiani Decl. ¶ 25; Campbell Decl. ¶¶ 14, 15-18). Plaintiffs "were required to clock out after about forty hours to minimize overtime but were encouraged to continue work." (*Id*.) (citing FAC ¶¶ 42, 45, 63, 68, 70). Plaintiff Chelsea Campbell alleges that she was allowed to clock out after forty-five hours but that she continued to work, averaging fifteen unpaid overtime hours per week during the busiest season. (Doc. 35 at 10) (citing Campbell Decl. ¶¶ 16-21). Plaintiff Amir Kiani alleges that he and other sales representatives on the same team were told to clock out after forty hours but were encouraged to "work as long as necessary to meet ADP's needs and their individual sales quotas." (*Id*.) (citing Kiani Decl. ¶ 29-34). Campbell and Kiani also allege that they are "aware that their co-workers worked under the same ADP policy." (*Id*.) (citing FAC ¶¶ 47-49). Plaintiffs also contend that ADP had a policy and practice of requiring inside sales representatives to clock out for a designated lunch break each day but expected the representatives to respond to sales leads or other communications from potential clients as necessary to secure contracts. (*Id*.) (citing FAC ¶ 42, 58). Campbell asserts that she worked through lunch breaks. (*Id*.) (citing Campbell Decl. ¶¶ 10-12). Kiani alleges that he worked through lunch breaks, failed to clock out in violation of ADP policy, and was subsequently terminated. (*Id*.) (citing FAC ¶ 58, 74-75).

Plaintiffs further allege that "ADP had a practice of editing or removing overtime hours from timecards." (Doc. 35 at 11) (citing FAC ¶¶ 60-61; Kiani Decl. ¶¶ 35-39; Campbell Decl. ¶ 18). Both Campbell and Kiani allege that they experienced the same illegal practice, (*id.*), and "[a]t least three of Kiani's coworkers told him that their time records had been edited," (*id.*) (citing Kiani Decl. ¶ 36).

In light of the pleadings and declarations in this case, the Court grants Plaintiffs' request for conditional collective action certification . Plaintiffs have provided "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Rocket Mortg. LLC*, 2023 WL 8480062, at *7. They have also sufficiently alleged that they are "similarly situated." *Id*. Hearing Plaintiffs claims together would promote judicial efficiency and comport with the broad remedial policies underlying the FLSA. *See Id*.; *see also id.* at *8 ("Plaintiffs' pleadings and declarations contain sufficient allegations supporting their contention that [similarly situated employees] … were subject to a uniform policy or plan that involved uncompensated overtime work.").

In response to Plaintiffs' request for conditional collective action certification, ADP argues that while Campbell and Kiani have alleged the existence of an illegal policy, they have "failed to show that other sales representatives worked over 40 hours in a workweek, worked over weekends, worked over lunch, and were entitled to, but not paid overtime." (Doc. 40 at 7.) The Court agrees that Plaintiffs have not proffered admissible evidence proving that other members of the proposed collective have suffered from the alleged illegal policy. At this stage of the proceeding, however, Plaintiffs need only provide substantial allegations that the proposed members are victims of a single decision, policy, or plan, *see Rocket Mortg. LLC*, 2023 WL 8480062, at *7, which they have done.

ADP argues in the alternative that even if Plaintiffs meet their burden, the Court should deny Plaintiff's motion and "join th[e] growing chorus" by rejecting the Ninth Circuit's two-step collective action certification approach. (Doc. 40 at 11, 13); *see Rocket Mortg. LLC*, 2023 WL 8480062, at *7 ("[T]he Ninth Circuit employs a two-step approach to collective action certification: preliminary certification and decertification."). ADP

asserts that the two-step approach has no basis in the FLSA's statutory language and has been rejected by the Fifth Circuit in *Swales v. KLLM Transportation Services, L.L.C.*, 985 F.3d 430 (5th Cir. 2021), and the Sixth Circuit in *Clark v. A&L Homecare and Training Center, LLC*, 68 F.4th 1003 (6th Cir. 2023). (Doc. 40 at 13.)

The Ninth Circuit, however, endorsed the two-step approach in *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018). In *Campbell*, the court explained that the two-step approach is a permissible exercise of the trial court's "substantial judicial discretion" in the area of case management. 903 F.3d at 1110. Moreover, the district court "has the advantage of ensuring early notice of plausible collective actions, then eliminating those whose promise is not borne out by the record." *Id*. Accordingly, the Court adopts the Ninth Circuit's two-step collective action certification approach as the best means of "secur[ing] the just, speedy, and inexpensive determination of every action[.]" Fed. R. Civ. P. 1.

**IT IS ORDERED** that Plaintiffs' Motion to Conditionally Certify a Collective Action (Doc. 35) is GRANTED.

**IT IS FURTHER ORDERED** that the Court conditionally certifies the following collective:

> All hourly commissioned sales representatives, also known as inside sales representatives, or district managers (including those designated as senior or elite), or digital sales associates, employed by ADP, Inc. in Tucson, Arizona, since September 22, 2020.

**IT IS FURTHER ORDERED** that the Court approves Plaintiffs' proposed Notice and Consent to Join, proposed method of distribution including mailing, emailing, texting, and sending an Adobe Sign version, and the form and content of the proposed language for each distribution method.

**IT IS FURTHER ORDERED** that Defendant shall produce the requested contact information of each collective member in an electronically importable and malleable electronic format, such as Excel or .csv, within seven (7) days after the date of this Order.

**IT IS FURTHER ORDERED** that the Court adopts the following deadlines and notice plan:

| DEADLINE | DESCRIPTION OF DEADLINE |
|---|---|
| **7 Days After Order Approving Notice** | Defendant to produce the names, mailing addresses, last known e-mail addresses and cell phone number of the collective members in a usable electronic format. |
| **14 Days After Order Approving Notice** | Plaintiffs' Counsel to send by U.S. mail, email message and text message a copy of the Court-approved Notice and Consent Form to the collective members. |
| **30 Days After E-Mailing of Notice** | Plaintiffs' Counsel is authorized to send a follow-up email via Adobe Sign and a text message to those collective members who did not respond to the initial notice. |
| **60 Days After E-mailing of Notice** | The collective members shall have 60 days to return their signed Consent forms for filing with the Court. |

Dated this 4th day of June, 2024.

Honorable Bruce G. Macdonald
United States Magistrate Judge