**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amir Kiani, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Automatic Data Processing Incorporated,<br><br>    Defendant. | No. CV-23-00508-TUC-BGM<br><br>**ORDER** |

Before the Court are Plaintiff[1] Amir Kiani's Motion to Dismiss Count One of the Counterclaim and Defendant[2] ADP's Motion to Dismiss Plaintiff Kiani's Supplemental Complaint. (Docs. 19, 29.)  Kiani requests that count one of ADP's counterclaim be dismissed because ADP's claim that Kiani overreported work hours is not actionable in a state-law breach of fiduciary duty of loyalty claim. (Doc. 19.)  ADP requests that Kiani's supplemental complaint be dismissed because its counterclaims do not constitute "adverse action" sufficient to state a FLSA retaliation claim. (Doc. 29.)  The motions have been fully briefed, (Docs. 21, 25, 32, 36), and the Court considers the motions suitable for decision without oral argument, *see* LRCiv 7.2(f).  For the reasons set forth below, Plaintiff's Motion to Dismiss Count One of the Counterclaim is granted and Defendant's Motion to Dismiss Kiani's Supplemental Complaint is denied.

---

[1] The Court substitutes the word "Plaintiff" for "Counter-Defendant" in this Order.
[2] The Court substitutes the word "Defendant" for "Counterclaimant" in this Order.

## BACKGROUND AND PROCEDURAL HISTORY

ADP is a foreign corporation engaged in the sale and provision of financial management software for businesses, including payroll software.  (Doc. 11, ¶ 13.)  Plaintiffs Amir Kiani and Chelsea Campbell were non-exempt, hourly, ADP inside sales representatives.  (*Id*. ¶¶ 31-43.)  Plaintiffs' duties included making and receiving phone calls, text messages, and emails from current and prospective clients, securing software contracts with the clients, and meeting their respective sales quotas.  (*Id*. ¶¶ 33, 37.)

On November 22, 2023, Kiani and Campbell filed a first amended collective action complaint alleging that they, and other similarly situated employees, were pressured not to clock in during overtime hours worked before their scheduled start time, after their scheduled end time, over lunch, or on the weekend, in violation of the paid overtime provisions under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 207.  (*Id*. ¶¶ 2, 47.)  Kiani also alleges that ADP engaged in FLSA retaliation by terminating his employment for complaining about ADP's unlawful overtime practices.  (*Id*. ¶¶ 87-100.)

On December 6, 2023, ADP filed its answer and counterclaim.  (Doc. 12.)  In its answer, ADP raises four, state-law counterclaims against Kiani for: (i) breach of duty of loyalty; (ii) conversion; (iii) unjust enrichment; and (iv) fraud.  (*Id*. ¶¶ 68-90.)  Essentially, ADP alleges that Kiani committed "wage theft" by clocking into its eTime system when he was not working despite admonishments that he should not do so.  (*Id*. ¶¶ 29, 32-47.)  ADP contends that Kiani was terminated after it conducted a formal investigation of Kiani's yearslong overtime abuse.  (*Id*. ¶¶ 32-47, 65.)

On January 24, 2024, Kiani filed a supplemental complaint alleging an additional FLSA retaliation claim due to the fact that ADP filed counterclaims against him just days after he filed his amended complaint.  (Doc. 24.)  Kiani alleges that he engaged in protected activity by filing a FLSA lawsuit, ADP subjected him to materially adverse action by filing counterclaims against him, and that ADP's counterclaims would have dissuaded a reasonable employee in his position from making a wage and hour claim.  (*Id*. ¶¶ 109, 112-113.)  The parties' motions to dismiss were filed shortly thereafter.  (*See* Docs. 19, 29.)

**LEGAL STANDARD**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading must also "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). While Rule 8 does not demand detailed factual allegations, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Under Federal Rule of Civil Procedure 12(b)(6), dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In evaluating a motion to dismiss, the court accepts the facts alleged in the pleading as true and construes them in the light most favorable to the nonmoving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

**DISCUSSION**

In the motions at hand, the parties request that the other party's counterclaim and supplemental complaint be dismissed because they are insufficient as a matter of law. (Docs. 19, 29.) Kiani asserts that count one of ADP's counterclaim fails as a matter of law because ADP fails to allege sufficient facts to plausibly suggest that he owed ADP a fiduciary duty of loyalty. (Doc. 19 at 5-9.) Kiani also argues that even if he owed ADP a fiduciary duty of loyalty, ADP fails to allege sufficient facts to demonstrate a breach of that duty. (*Id*. at 9-10.) ADP asserts that Kiani's supplemental complaint fails as a matter of law because persuasive authority dictates that an employer's counterclaim against a former employee fails to constitute an "adverse action" sufficient to state a FLSA retaliation claim. (Doc. 29 at 6-10.) ADP also insists that it had to file its counterclaim

because compulsory counterclaims not brought in a timely manner are subsequently barred. (*Id.* at 10-13.) Finally, ADP asserts that its counterclaim is not barred by the statute of limitations because the discovery rule tolls the limitations period and that even if the rule did not, the lion's share of Kiani's wrongful conduct occurred in 2022. (*Id.* at 13-14.) Because the parties' first arguments in their motions to dismiss are dispositive, the Court focuses mainly on these arguments.

I.     **State-Law Breach of Fiduciary Duty of Loyalty Claim**

"[I]n an action asserting a claim for breach of fiduciary duty, like all tort actions, a plaintiff must allege and prove the existence of a duty owed, a breach of that duty, and damages causally related to such breach." *Surowiec v. Cap. Title Agency, Inc.*, 790 F. Supp. 2d 997, 1004 (D. Ariz. 2011) (cleaned up). The Court may dismiss a tort claim for a failure to adequately allege any one of its elements, including the duty element. *See, e.g., Schneidereit v. Tr. of Scott & Brian, Inc.*, 693 F. App'x 733, 735 (9th Cir. 2017) (affirming dismissal of state-law negligence claims because plaintiffs failed to allege facts sufficient to show a duty owed to them). Here, Kiani argues that ADP's breach of duty of loyalty claim should be dismissed because the facts upon which APD relies are insufficient as a matter of law to establish that he owed an agency-based fiduciary duty to it in his timekeeping practices. (Doc. 19 at 5.) The Court agrees, grants Kiani's motion, and dismisses count one of ADP's counterclaim.

   A.     **No Fiduciary Duty of Loyalty for Timekeeping Practices**

"Fiduciary relationships may arise in one of two ways: (1) by contract or a formal legal relationship such as principal and agent or (2) as implied by law due to the factual situation surrounding the transactions and the relationships of the parties to each other." *Quinones v. Extreme Customs, LLC*, No. 21-C-995, 2022 WL 3647977, at *4 (E.D. Wis. Aug. 24, 2022).[3] ADP offers inapplicable information and conclusory statements to

---

[3] Wisconsin, like Arizona, follows the Restatement of Agency for common law breach of fiduciary duty claims. *See, e.g., Burg v. Miniature Precision Components, Inc.*, 319 N.W.2d 921, 924 (Wis. Ct. App. 1982) (applying Restatement of Agency to breach of loyalty claim).

- 4 -

support its assertion that Kiani owed it a fiduciary duty of loyalty in his timekeeping practices. (*See generally*, Doc. 12, ¶¶ 68-71.) ADP alleges that "Kiani, as an employee of ADP, owed ADP a duty … of loyalty and to act in good faith while performing his duties and responsibilities." (Doc. 12, ¶ 69 at 26.) ADP adds that that Kiani breached his duty of loyalty by "overreporting his actual time worked, in order to be paid thousands of dollars in unearned overtime." (*Id*. ¶ 70.) These allegations are insufficient to establish that Arizona recognizes a common law breach of fiduciary duty of loyalty claim by an employer against its employee for the employee's timekeeping practices. ADP also fails to cite any controlling case law that directly supports its claim. (*See* Doc. 21 at 7-8.)

In Arizona, while an employee/agent may owe his employer/principal a fiduciary duty, which includes a duty of loyalty, *Sec. Title Agency, Inc. v. Pope*, 200 P.3d 977, 989 (Ariz. Ct. App. 2008), the "employer-employee relationship, *absent special circumstances*, does not constitute a confidential relationship," *Wilkes v. Elec. Data Sys. Corp.*, No. Civ 04-341, 2006 WL 753161, at *4 (D. Ariz. Mar. 17, 2006) (emphasis added), *aff'd,* 267 F. App'x 661 (9th Cir. 2008). Similarly, "Arizona courts have held that a fiduciary duty exists when there is a 'great intimacy, disclosure of secrets, intrusting of power, and superiority of position in the case of the representative,' and that 'to establish a fiduciary (confidential) relationship there must be something approximating business agency, professional relationship, or family tie.'" *S.E.C. v. Rauscher Pierce Refsnes, Inc.*, 17 F. Supp. 2d 985, 992 (D. Ariz. 1998) (quoting *Rhoads v. Harvey Publications, Inc.*, 700 P.2d 840, 847 (1984)). Arizona courts have also reiterated that to constitute a fiduciary relationship, "[m]ere trust in another's competence or integrity does not suffice; reliance in the trustworthiness of another is required." *Standard Chartered PLC v. Price Waterhouse*, 945 P.2d 317, 335 (Ariz. Ct. App. 1996) (cleaned up). Finally, Arizona courts have failed to impute, without referencing more specific or enumerated duties of loyalty, a fiduciary duty on rank-and-file employees based solely on common law agency principles. *See e.g., Rhoades v. Harvey Publ'ns, Inc.*, 700 P.2d 840, 847-48 (Ariz. Ct. App. 1984) (emphasis added) ("We find no Arizona case involving a confidential relationship between employer

and employee. We believe such a relationship could certainly be found *if other facts were present*.).

It is uncontested that Kiani was employed by ADP as a salesperson for nearly five years. (Doc. 12, ¶ 31.) However, ADP fails to allege that the parties' relationship involved any of the hallmarks of a fiduciary association, including intimacy, secrets, or the entrusting of power *in addition to* the existing employment relationship. (*See id.* ¶¶ 14-67.) ADP's trust and confidence in Kiani's timekeeping practices, alone, fails to create a fiduciary duty of loyalty punishable by law. *See In re McDonnell's Estate*, 179 P.2d 238, 241 (Ariz. 1947) (cleaned up) ("[I]t is denied that mere confidence or implicit faith in another's honesty and integrity is sufficient to constitute a fiduciary or confidential relationship."). To impute a fiduciary duty upon Kiani in this scenario would inadvisably broaden the scope of the Restatement's guidance on agency principles and potentially incentivize litigation where current causes of action for employee malfeasance already exist. *See* Restatement (Third) of Agency § 8.01 (2006) (stating that the scope of the common law duty of loyalty is limited to "matters connected with the agency relationship"); *Condon Auto Sales & Serv., Inc. v. Crick*, 604 N.W.2d 587, 600 (Iowa 1999), *as amended on denial of reh'g* (Feb. 4, 2000) ("[E]ven in those jurisdictions which recognize a cause of action for breach of loyalty, the action is limited in scope. A broad cause of action would give employers more protection than needed and could create an unfair advantage.").[4]

ADP argues that "binding Arizona and federal case law, interpreting Arizona law, states that *all* Arizona employees owe their employer a fiduciary duty, which includes a duty of loyalty," and that "nothing in the Restatement indicates…that ordinary [or low-level] employees have no duty of loyalty." (Doc. 21 at 7.) The Court finds these arguments misleading and unpersuasive for several reasons. First, as Kiani highlights in his reply,

---

[4] Iowa follows the Restatement of Agency for common law breach of fiduciary duty claims. *See, e.g., Kendall/Hunt Pub. Co. v. Rowe*, 424 N.W.2d 235, 243-44 (Iowa 1988) (applying Restatement of Agency to breach of loyalty claim).

there is more to the case law and overgeneralizations than ADP provides to support its claim. *See, e.g., McCallister Co. v. Kastella*, 825 P.2d 980, 982 (Ariz. Ct. App. 1992) (distinguishing "employee/agent" and "employer/principal" in explaining that "an agent is subject to a *duty not to compete* with the principal concerning the subject matter of his agency."); *Evans v. Valley Radiologists, Ltd.*, 619 P.2d 5, 9 (Ariz. 1980) (affirming judgment in favor of radiologist in breach of duty of loyalty claim *in context of employment contract* between radiologist and radiology group where radiologist informed referring doctors and patients that he was opening his own office); *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1085 (9th Cir. 2003) (emphasis added) (recognizing that "[t]he primary issue on appeal is whether [an employer] may bring a claim under Hawaii law against its employees *for directly competing against it* and reiterating that "*an agent is subject to a duty not to compete with the principal concerning the subject matter of his agency*""). Second, ADP's theory of liability would call into question the existence of enumerated duties of loyalty as delineated by the Restatement (Third) Of Agency. *See* Restatement (Third) Of Agency § 8.02 (Material Benefit Arising Out of Position); § 8.03 (Acting as or on Behalf of an Adverse Party); § 8.04 (Competition); § 8.05 (Use of Principal's Property; Use of Confidential Information). And third, more persuasive case law leads to the conclusion that there is no de facto duty of loyalty owed to an employer for an employee's timekeeping practices. *See In re Sky Harbor Hotel Properties, LLC*, 443 P.3d 21, 23 (Ariz. 2019) (cleaned up) (emphasis added) ("Under traditional agency rules, … Agents are characterized *by their power to alter the legal relation* between the principal and third persons and between the principal and themselves. Importantly, an agent is a fiduciary with respect to matters *within the scope of his agency*."); *cf. Beltran v. Brentwood N. Healthcare Ctr., LLC*, 426 F. Supp. 2d 827, 831 (N.D. Ill. 2006) ("Courts applying Illinois law have construed the duty of loyalty to prohibit officers or employees from improperly competing with their employer, soliciting the employer's customers, enticing co-workers away from the employer, diverting business opportunities, engaging in self-dealing and/or otherwise misappropriating the employer's property or funds…. [N]o court has recognized a breach-

of-fiduciary-duty claim grounded on the fact that an agent fell asleep on the job or otherwise failed to perform job requirements satisfactorily.") Accordingly, Kiani's motion to dismiss is granted, and ADP's breach of duty of loyalty counterclaim is dismissed.

## II.     FLSA Retaliation Claim

To state a *prima facie* case of FLSA retaliation, a plaintiff must show that: (i) he engaged in activity protected by the FLSA; (ii) the employer took an adverse employment action; and (iii) there was a causal link between the protected activity and the adverse action. *Ader v. SimonMed Imaging Inc.*, 465 F. Supp. 3d 953, 975 (D. Ariz. 2020). In ADP's motion to dismiss Kiani's supplemental complaint, ADP argues that Kiani fails to sufficiently allege a FLSA retaliation claim because persuasive authority indicates that an employee's FLSA claim against its former employer fails to constitute an "adverse action" necessary for the claim to survive. (Doc. 29 at 6.) The issues for the Court to determine are whether a counterclaim filed by a former employer against its former employee in ongoing litigation can constitute an "adverse employment action" sufficient to state a FLSA retaliation claim and whether Kiani sufficiently pleads this element in his supplemental complaint. The Court concludes that Kiani has sufficiently pleaded all of the necessary elements of a FLSA retaliation claim in his supplemental complaint, (*see* Doc. 24, ¶¶ 109-120), and it denies ADP's motion to dismiss.

### A.     Adverse Employment Action

An adverse employment action is one that "might have dissuaded a reasonable person from making or supporting a charge of discrimination." *MacIntyre v. Carroll Coll.*, 48 F.4th 950, 954-55 (9th Cir. 2022) (cleaned up). As a result of this standard, retaliation claims may be brought against "a much broader range of employer conduct than substantive claims of discrimination." *Campbell v. Haw. Dep't of Educ.*, 892 F.3d 1005, 1021 (9th Cir. 2018). However, a lawsuit filed by an employer against a former employee can constitute an adverse employment action only if it is filed with retaliatory motive and without any reasonable basis in fact or law. *Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 744-49 (1983). Other Circuit Courts of Appeals and district courts within

the Ninth Circuit have concluded that it is sufficient to allege that an employer filed a retaliatory lawsuit that lacks a reasonable basis in fact or law to satisfy the second element of a FLSA retaliation claim. *See Robillard v. Opal Labs, Inc.*, 337 F. Supp. 3d 962, 972 (D. Or. 2018) (holding that a counterclaim filed in ongoing litigation can serve as an adverse action to support a FLSA retaliation claim); *Darveau v. Detecon, Inc.*, 515 F.3d 334, 341 (4th Cir. 2008) (holding that former employee's complaint that alleged his employer filed its lawsuit with retaliatory motive and without any reasonable basis in fact or law sufficiently stated a FLSA retaliation claim).

### 1. Kiani Sufficiently Pleads Adverse Action

In Kiani's supplemental complaint, he sufficiently pleads adverse action as well as the other necessary elements of a FLSA retaliation claim. He states:

> [I] engaged in protected activity under the Fair Labor Standards Act ("FLSA") when [I] filed [my] FAC alleging violations of [my] statutory rights under the FLSA. . . . ADP responded with retaliatory intent by filing a specious counterclaim against [me], without a reasonable basis in fact or law, alleging four counts: breach of the duty of loyalty, conversion, unjust enrichment, and fraud. . . . ADP subjected [me] to a material adverse action by filing a counterclaim after [I] engaged in protected activity. . . . ADP's counterclaim relies on allegations that, taken as true, establish its claims had accrued and were available by October 2019, or at the latest by mid-2020. ADP could have brought its counterclaims as independent claims at any time in the subsequent three years but chose not to. Despite its knowledge of the factual allegations pled in its counterclaim, ADP did not take any disciplinary action against [me] in the ensuing three years.

(Doc. 24, ¶¶ 109, 111-112, 115) (internal citations omitted). Kiani also plausibly alleges that ADP's breach of duty of loyalty claim is retaliatory and lacks a reasonable basis in fact or law for reasons that this Court has recognized in dismissing that claim. (*See id.* ¶ 117.) He also provides justification for the allegation that the remaining counterclaims are retaliatory and lack a reasonable basis in fact or law. (*See id.* ¶¶ 118-120.) Accordingly, Kiani states a plausible FLSA retaliation claim, and the Court declines to dismiss his supplemental complaint.

### 2. ADP's Arguments Unavailing

Despite sufficiently alleging a plausible FLSA retaliation claim, ADP argues that Kiani's supplemental complaint should be dismissed because: (i) Kiani fails to sufficiently allege facts that show its counterclaims are frivolous, baseless, or abusive; (ii) the Federal Rules of Civil Procedure *compel* it to file its compulsory counterclaims or risk losing them; and (iii) its counterclaims are not barred by their respective statute of limitations. (Doc. 29 at 6-14.)  These arguments are unpersuasive because unlike the District of Colorado cases that ADP uses to support its proposition that its counterclaims are not frivolous, baseless, or abusive, this Court finds that Kiani's supplemental complaint contains more than sufficient factual information to support a plausible claim that ADP's counterclaims are retaliatory and lack a reasonable basis in fact or law. (*See, e.g.,* Doc. 24, ¶¶ 117-120.); *but see Feltner v. Dragonfly Ent. Grp., LLC*, 607 F. Supp. 3d 1160, 1164 (D. Colo. 2022) (concluding that the plaintiffs' allegations failed to raise a plausible inference that the defendants' counterclaims were without merit and frivolous, baseless, or abusive); *Ott v. Chacha in Art LLC*, 506 F. Supp. 3d 1133, 1144 (D. Colo. 2020) (evaluating evidence on summary judgment to determine that the defendants' counterclaims were not frivolous, baseless or otherwise abusive).

Even assuming, arguendo, that the Court exercises supplemental jurisdiction over ADP's counterclaims because the counterclaims are compulsory, that determination does not negate the finding that Kiani sufficiently alleges a causal link between his protected activity and the filing of ADP's counterclaims. *See Gill v. Rinker Materials Corp.*, No. 3:02-CV-13, 2003 WL 749911, at *6 (E.D. Tenn. Feb. 24, 2003) (finding the argument that the plaintiff's retaliation claim should be dismissed because the defendants' counterclaim was compulsory meritless and explaining that the defendants could have brought their counterclaims as independent claims at any time prior to plaintiff's FLSA suit).  Lastly, at the pleading stage, the Court declines to engage in fact-finding missions or make determinations concerning disputed issues of material fact, especially when the matter at issue (e.g., the statute of limitations) is not properly before it.  *See Twombly*, 550 U.S. at

585 (cleaned up) ("Rule 8(a)(2) does not contemplate a court's passing on the merits of a litigant's claim at the pleading stage. Rather, the simplified notice pleading standard of the Federal Rules relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."). Kiani's supplemental complaint contains sufficient factual matter, accepted as true, to state a FLSA retaliation claim that is plausible on its face. As such, ADP's motion to dismiss it is denied.

**IT IS ORDERED** that Plaintiff's Motion to Dismiss Count One of the Counterclaim is granted and that Defendant's Motion to Dismiss Plaintiff's Supplemental Complaint is denied.

Dated this 1st day of July, 2024.

Honorable Bruce G. Macdonald
United States Magistrate Judge